PUERTO RICO TELEPHONE COMPANY, demandante, *v.* HERMANDAD INDEPENDIENTE DE EMPLEADOS TELEFÓNICOS (H.I.E.TEL.) y OTROS, demandados.

*Número:* MC-98-16          *Resuelto:* 23 de junio de 1998

*Denis Márquez Lebrón,* de *Márquez & Lebrón,* y *José Juan Nazario de la Rosa,* de *Nazario & Santiago,* abogados del peticionario Hon. Víctor García San Inocencio; *Howard Pravda,* de *Goldman, Antonetti & Córdova,* abogado de la demandante.

## RESOLUCIÓN

El Representante por Acumulación Hon. Víctor García San Inocencio[1] ha presentado a este Foro un escrito titulado Moción en Auxilio de Jurisdicción y al Amparo de la Regla 50 del Tribunal Supremo de Puerto Rico. En éste invoca las Reglas 28 y 50 del Reglamento del Tribunal Supremo de Puerto Rico, 4 L.P.R.A. Ap. XXI-A, para exhortarnos a asumir jurisdicción en la controversia que el referido escrito plantea.

Un examen del Art. 3.002 de la Ley de la Judicatura de Puerto Rico de 1994, según enmendada, 4 L.P.R.A. sec. 22i, nos convence de que este Tribunal no tiene autoridad para atender del mencionado escrito.

La Regla 28(a) de nuestro Reglamento, 4 L.P.R.A. Ap. XXI-A, dispone, en lo pertinente, que este Tribunal "podrá expedir una orden provisional en auxilio de nuestra juris-

---

[1] Cabe señalar que, aunque el Representante Hon. Víctor García San Inocencio no fue incluido entre los demandados, éste entiende que forma parte de la demanda bajo la denominación de Fulano de Tal y Mengano. Habiendo este Tribunal resuelto que carece de jurisdicción para atender este asunto, no tenemos que entrar a determinar si el señor San Inocencio es o no parte con derecho a solicitar la revisión de la orden de entredicho provisional.

dicción cuando fuere necesario hacer efectiva su jurisdicción *en un asunto pendiente ante su consideración*". (Énfasis suplido.) En igual término está redactado el segundo párrafo del inciso. Por esto, la emisión de una orden de entredicho provisional en auxilio de nuestra jurisdicción presupone que existe un recurso presentado o pendiente de consideración por este Tribunal. Igualmente, la referida orden de entredicho provisional tiene el propósito de evitar alguna consecuencia adversa que afecte nuestra jurisdicción. Por lo tanto, al carecer este Tribunal de jurisdicción para considerar el asunto planteado en el escrito y al no existir recurso alguno pendiente ante la consideración de este Foro con respecto al mencionado asunto, no existe jurisdicción que debamos proteger. El recurrente, señor San Inocencio, también se fundamenta en la Regla 50 del Reglamento de este Tribunal, *supra*, a los fines de invocar nuestra jurisdicción sobre el asunto planteado. Dicha regla dispone que "en situaciones no previstas por *este Reglamento*, el Tribunal encauzará *el trámite* en la forma que a su juicio sirva los mejores intereses de todas las partes". (Énfasis suplido.)

Por sus propios términos, la Regla 50, *supra, se refiere al trámite que se da a un recurso presentado previamente*, en cuyo caso queda siempre reservada la facultad del Tribunal para prescindir de términos, escritos o procedimientos específicos a los fines de lograr el más justo y eficiente despacho del *caso* o del *asunto* de que se trate. Como no existe caso alguno pendiente ante la consideración de este Tribunal, no aplica la mencionada regla, a los fines de poder asumir jurisdicción sobre el asunto que sea objeto del escrito.

Por todo lo cual, se desestima la referida Moción en Auxilio de Jurisdicción y al Amparo de la Regla 50 del Tribunal Supremo de Puerto Rico por carecer de jurisdicción este Tribunal para atender en el asunto planteado. Esta

resolución no impide que la parte promovente acuda al foro apropiado.

*Notifíquese por teléfono y por la vía ordinaria.*

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado Señor Fuster Berlingeri emitió un voto explicativo, al cual se unen el Juez Presidente Señor Andréu García y la Juez Asociada Señora Naveira de Rodón.

(*Fdo.*) Isabel Llompart Zeno
*Secretaria del Tribunal Supremo*

— O —

Voto explicativo emitido por el Juez Asociado Señor Fuster Berlingeri, al cual se unen el Juez Presidente Señor Andréu García y la Juez Asociada Señora Naveira de Rodón.

Es con mucho pesar que debo concurrir con la Resolución del Tribunal, a los efectos de que este Foro carece de jurisdicción *en este momento* para atender los planteamientos que se nos han formulado en el caso de epígrafe. Somos el Tribunal de más alta jerarquía que existe en el país y por ello tenemos la obligación insoslayable de cumplir con las leyes que rigen en Puerto Rico, sobre todo las que regulan nuestros propios procedimientos, aunque éstas no sean las más acertadas o atinadas.

Antes de la llamada "Reforma Judicial" de 1994, este Tribunal tenía jurisdicción para considerar *en apelación* una sentencia final dictada por el Tribunal Superior de Puerto Rico en la cual se planteara o se resolviera una cuestión constitucional sustancial, como la que se presenta en el caso de autos.

También teníamos la facultad discrecional para expedir un *auto de certificación* para traer inmediatamente ante

nos cualquier caso pendiente ante cualquier tribunal, si la importancia pública del mismo justificaba una desviación del procedimiento ordinario y una adjudicación directa por el Tribunal Supremo, como también ocurre en el caso de autos.

Sin embargo, la nueva Ley de la Judicatura de Puerto Rico de 1994, según enmendada en 1995, eliminó las dos vías procesales antes mencionadas y nos privó de la autoridad para considerar con la premura que el asunto requiere recursos como el de autos, por lo que estamos impedidos de intervenir *en este momento* en este caso. Somos conscientes de la importancia del asunto que se nos ha planteado y de la urgente necesidad que existe de que se paute con plena y final autoridad cuál es el régimen legal que debe observarse en la grave situación que encara el país en la actualidad. Lamentablemente se nos ha privado de la autoridad para así hacerlo. No tenemos otra opción que cumplir con las leyes del país, por lo que no podemos atender *ahora* este asunto. Muy mal ejemplo daríamos si obviáramos las restricciones legales que impiden nuestra intervención en este caso en este momento.